IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN W. DOUGHERTY, | : | CIVIL ACTION NO. **1:CV-08-1100** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JOSEPH J. PIAZZA, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On June 10, 2008, while incarcerated at the State Correctional Institution at Coal Township, ("SCI-Coal Twp."), Petitioner Brian W. Dougherty filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a February 2, 2000 detainer which was placed on him as a result of his failure to pay his fines and costs imposed as part of his April 24, 1997 driving under the influence of alcohol ("DUI") judgment of sentence by the Lackawanna County Court of Common Pleas ("LCCCP"), Scranton, Pennsylvania. **(Doc. 1)**.[1] Petitioner indicates that he plead guilty to the DUI offense, a violation of 75 Pa. C.S.A. § 3731(a)(1). Petitioner has fully served his April 24, 1997 sentence of imprisonment of five (5) days to six (6) months he received with respect to his DUI conviction. In addition to his Habeas Petition, Petitioner filed a motion to proceed *in forma pauperis*. (Doc. 2). Petitioner also filed a Motion for Appointment of Counsel.

---

[1] Since Petitioner Dougherty is presently confined at SCI-Coal Twp., he properly names the Superintendent at SCI-Coal Twp. as a Respondent. *See* 28 U.S.C. §§ 2242 and 2243. The Lackawanna District Attorney and the Pennsylvania Attorney General are also Respondents.

(Doc. 3). Petitioner is presently confined at SCI-Coal Twp. based on a Pike County offense, according to the Pennsylvania Department of Corrections ("PA DOC") website, www.cor.state.pa.us.

## II. Claims of Habeas Petition.

Petitioner indicates that his Habeas Petition is not seeking to challenge his 1997 DUI conviction in Lackawanna County, and he states that "this Habeas addresses - a 'detainer' for fines and cost that has been placed on me (on and off) since February 2, 2000." (Doc. 1, p. 1). Thus, Petitioner does not claim that he was illegally convicted in the Lackawanna County Court of Common Pleas, and he does not claim that his constitutional rights were violated with respect to this conviction. Petitioner also states that on June 23, 2006, LCCCP sentenced him to six (6) months imprisonment for contempt, which sentence seems to have been imposed as a result of his failure to pay his criminal fines and costs which were part of his April 1997 sentence for his DUI conviction, which he refers to as "an 11 year old issue." (Doc. 1, p. 6).[2] Petitioner claims that his due process rights were violated with respect to his June 2006 contempt conviction. Petitioner also indicates that he has fully served his 6-month sentence at the Lackawanna County Prison with respect to the contempt conviction. (*Id*., pp. 6 and 9). Petitioner concedes that he has "maxed out [his DUI] sentence" and he seeks to have this Court remove the Lackawanna County detainer placed on him in 2000, which will seemingly be executed after he serves his present Pike County term of imprisonment at SCI-Coal Twp. (Doc. 1, pp. 8-9).

---

[2]We cite to the actual page number of the Habeas Petition, and not the page numbers typed in the top right corner on the form Petition, since the form begins at Page 2.

Petitioner concedes that his maximum prison term has expired with respect to his 1997 sentence for his LCCCP conviction for DUI. (*Id*., p. 8). Petitioner also indicates that he has fully served his 6-month contempt sentence imposed in June 2006. Thus, Petitioner admits that he is no longer in custody with respect to his 1997 LCCCP sentence for his DUI conviction and that he has fullly served his 6-month contempt sentence imposed in June 2006. However, Petitioner claims that there are collateral consequences and adverse affects from his 1997 LCCCP conviction for DUI since a detainer was placed on him in February 2000 due to his failure to pay the fines and costs imposed as part of his 1997 sentence. Lackawanna County placed a detainer on Petitioner, who is now seemingly serving a Pike County sentence, and he claims that this detainer, which has not yet been executed, is presently being used to "obstruct[] [his] pre-release programming" by the PA DOC. (*Id*., p. 4). Petitioner also states that "on May 17, 2006 I was in custody of Lackawanna [County] for this 'Detainer.'" Petitioner further states that on June 23, 2006, he received a 6-month Lackawanna County sentence for contempt and that he had to work while in the Lackawanna Jail at the Recylcing Center in order to satisfy his debt. He seeks this Court to dismiss with prejudice the detainer placed against him since he is "an insolvent debtor [and] due to [the] age of this issue I am unable to fulfill payments." (*Id*., pp. 3-4).

Specifically, Petitioner states as follows:

> On May 17, 2006 I was in custody of Lackawanna County for this "Detainer," under 42 § 9761(b). I still am. And 42 § 9760. Also - Violation of "Due Process" I was never notified of any court dates. Denied court access with effective counsel - I did not have an attorney, and I asked for one. That I am an Insolvent Debtor, due to the age of this issue I am unable to fulfill payments - violating my 8th and 14th Constitutional rights. That this is not corrective but rather damaging.

3

(*Id.*, p. 4).

Petitioner also specifically states that "on June 23, 2006, Lackawanna County sentenced me to 6 months for contempt, had me work from their jail in their Recycling Center to satisfy $2,446.08. However, there was no Contempt Hearing, never notified of a court date ... ." (*Id.*, p. 9).

As relief, Petitioner requests:

> Dismiss w/ prejudice this detainer under 42 Pa. C.S.A. § 9101 Articles I, III(a)(d), IV(e), V(F)(a). And/or - A final informal disposition - (as Insolvent Debtor). And/or - Time Served under 53 P.S. § 58304; 42 § 9756(c)(2), (c)(3). Also to retrieve and calculate time already served. And that - this detainer obstructs my pre-release programming for the state D.O.C.

(*Id.*, pp. 3-4).

Thus, in his instant § 2254 Habeas Corpus Petition, Petitioner does not challenge his 1997 LCCCP DUI conviction for which he is no longer in custody. Rather, he challenges the detainer placed on him due to his faliure to pay in full the costs and fines imposed by the Court as part of his sentence and claims the detainer has collateral consequences, since it is obstructing his pre-release programming with respect to his present confinement at the PA DOC prison regarding a Pike County offense. Petitioner does not state that the detainer is being used as the basis for his present confinement at SCI-Coal Twp., and the PA DOC website indicates that Pike County is the "Committing County" with respect to Petitioner's present confinement.

As stated, Petitioner requests this Court to dismiss with prjeudice the detainer lodged against him and to "retrieve and calculate [the prision] time [he] already served." (Doc. 1, pp. 3-4).

We now give preliminary consideration to Petitioner's Habeas Petition, in which he challenges a detainer lodged against him with respect to his outstanding fines and costs imposed as part of his 1997 LCCCP DUI conviction, pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[3]

We will recommended that this case be summarily dismissed for lack of jurisdiction without directing service of the Habeas Petition on Respondents since Petitioner is no longer in custody on his 1997 sentence for DUI for purposes of § 2254, and he is not presently confined as result of the detainer placed on him. We find that Petitioner is not still "in custody" on his 1997 DUI conviction for purposes of a § 2254 habeas petition, and thus Petitioner cannot attack his 1997 sentence, including the fines and cost imposed.

## III. Discussion.

*A. In Custody*

In his instant Habeas Petition, Petitioner does not attack his 1997 LCCCP conviction and sentence for DUI. Rather, he challenges the Lackawanna County detainer placed on him for the unpaid fines and costs imposed as part of his DUI sentence while he serves his Pike County commitment at SCI-Coal Twp. Petitioner claims that he was charged with contempt for his failure to pay the fines and costs imposed as part of his 1997 DUI sentence and that on June 23, 2006, LCCCP sentenced him to six (6) months for contempt. The detainer Petitioner claims was placed on him by LCCCP was for his failure to pay the fines and costs imposed as part of his 1997 DUI

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

sentence.

In *Ascenzi v. Erickson*, 2007 WL 712129, *2 (M.D. Pa.), this Court stated:

> In order to obtain habeas corpus relief from a state court conviction, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Custody" is defined not only as physical confinement, but also includes circumstances entailing such limitations on a person's liberty as those imposed during parole. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989). This requires that, at the time his habeas petition is filed, the petitioner must be "in custody" pursuant to the conviction or sentence he seeks to attack. *Young v. Vaughan*, 83 F.3d 72, 73 (3d Cir. 1996). A petitioner on probation or parole for the conviction he seeks to attack satisfies the "in custody" requirement for purposes of the habeas statute. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. at 490-91). However, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. *See Maleng*, 490 U.S. at 491.
>
> <u>Collateral consequences of a conviction, such as the obligation to pay "restitution or a fine, absent more, is not the sort or 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes."</u> *Obado v. State of New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). This is because the writ of habeas corpus functions primarily to secure immediate relief from illegal physical custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. *Maleng*, 490 U.S. at 492. "[C]ustody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or possibility thereof, there is no federal habeas jurisdiction." *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971). (Emphasis added)

We recognize that based on *Maleng v. Cook*, 490 U.S. 448 (1989) and *Spencer v. Kemna*, 532 U.S. 1 (1998), if there are severe collateral consequences of a state court conviction they can support a finding that a Petitioner is in custody for purposes of § 2254 even if the sentence for the

state court conviction has expired and was fully served. *See Morgan v. Martin*, 2006 WL 3544665 (E. D. Pa.). Petitioner admits that he has fully served his sentence with respect to his 1997 DUI conviction and that he is no longer in custody with respect to this conviction. The present issue is whether Petitioner can now challenge the detainer placed on him as a result of his failure to pay the fines and costs imposed as part of his 1997 LCCCP DUI sentence, for which he is no longer in custody, based on his claim that it has collateral consequences since it was used to support his June 2006 contempt sentence of 6 months and since it "obstructs [his] pre-release programming" regarding his current confinement at the PA DOC prison with respect to his Pike County commitment. We find that Petitioner cannot collaterally challenge, in his Habeas Petition, his 11-year-old DUI sentence, which included the imposition of fines and costs or his June 2006 contempt sentence, since he is not in custody and he is not suffering any present restraint as a result of these expired convictions. Insofar as Petitioner challenges his June 2006 sentence for contempt by claiming that he did not receive a contempt hearing and he was not provided counsel, *i.e.* due process violations, he is not currently serving the 6-month sentence that was imposed for contempt, and he indicates that he served this sentence at Lackawanna County Prison by working in the Recycling Center. (Doc. 1, p. 9). As stated, the DOC website indicates that Petitioner is currently confined in state prison at SCI-Coal Twp. due to a Pike County commitment. Thus, Petitioner admits that he is not suffering from any present restraint resulting from either his expired April 1997 DUI conviction or his expired June 2006 contempt conviction.

     As in *Ascenzi*, "it is evident that [Dougherty] was neither in cusotdy nor subject to further restraints on his liberty as a result of the [DUI and contempt] conviction[s] at the time he brought

7

this proceeding." 2007 WL 712129, *3. In *Ascenzi,* Petitioner filed a §2254 habeas petition with this Court in 2006 challenging his 2002 Luzerne County, Pennsylvania, summary conviction for criminal trespass for whihc he received a sentence of $100 fine and costs. Petitioner was on parole at the time of his summary conviction. As a result of Petitioner Ascenzi's summary conviction, he did not receive a jail sentence, but the Pennsylvania Board of Probation and Parole lodged a detainer against him and recommitted him as a convicted parole violator, which resulted in the loss of about 95 days of his street time. Consequently, the maximum date of Petitioner's prior 1997 sentence for drug related offenses was extended. Petitioner Ascenzi filed a Habeas Petition seeking this Court to vacate his criminal trespass conviction or remand it to state court for a new trial.

This Court dismissed Ascenzi's Habeas Petition for lack of jurisdiction "since Petitioner was not 'in custody' as a consequence of the summary offense at the time he filed his habeas petiton as required by 28 U.S.C. §2254." *Id.* at * 1. Nor was Petitioner Ascenzi found to have been subject to any collateral consequences from his summary offense conviction sufficient to warrant this Court to exercise jurisdiction over his petition. *Id.*

The Court in *Morgan* stated:

> A federal court's jurisdiction to entertain collateral attacks upon state criminal convictions is not unlimited. The applicable statute, 28 U.S.C. § 2254, authorizes federal intervention only upon application of a person who is in custody pursuant to a state criminal sentence. This means that the applicant must either still be in prison, or be subject to the restrictions of parole or probation, at the time the federal petition is filed. If, after the federal habeas petition is filed, the petitioner is released from custody and is no longer on parole, the federal petition may or may not have become moot, depending upon whether petitioner can show that the collateral consequences of his earlier conviction are such that a live controversy is still at issue.

8

2996 WL 3544665, * 1.

The *Morgan* Court further stated:

> Section 2254 imposes a requirement that a petitioner must be "in custody" pursuant to the judgment of a State court for a federal court to hear a habeas petition challenging that conviction. *See* 28 U.S.C. § 2254(a); *Mayeng v. Cook*, 490 U.S. 488, 490-92, 109 S. Ct. 1923, 104 L. Ed.2d 540 (1989) (requiring that a petitioner must be *in custody* under the conviction he is challenging at the time the petition is *filed* to warrant federal court jurisdiction). Once a prisoner's sentence is *fully expired*, he is no longer considered "in custody" to challenge a conviction which is no longer open to direct or collateral review in its own right. *See Edwards v INS*, No. 03-286, 2003 WL 22495772, at * 3 (E.D. Pa. 2003) (finding petitioner failed to meet the habeas "in custody" requirement where he finished serving his sentence in 1991, but did not file a habeas petition challenging that conviction until 2003) (citing *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401, 121 S. Ct. 1567, 149 L. Ed.2d 608 (2001)).

*Id.*, * 3.

With respect to the issue of whether Petitioner is still "in custody" on his LCCCP 1997 DUI conviction and his 2006 contempt conviction, Petitioner states that he has "maxed out the [1997] sentence" and that he had to work while he was in county jail with respect to his June 2006 contempt sentence. (Doc. 1, pp. 8-9).[4] Petitioner indicates that the Lackawanna County detainer, which has been placed on him since February 2000, is due to the money he owes with respect to the fines and costs imposed on him as part of his 1997 sentence. (*Id*., p. 1 and p. 10). Thus, we find that Petitioner does not meet the "in custody" requirements under § 2254 on his 1997 DUI

---

[4]This District Court previously stated, "[t]o be 'in custody' for purposes of section 2254 a Petitioner must be in physical custody under the challenged conviction at the time the petition was filed." (Citation omitted). (Doc. 8, p. 5, *Coss v. Wynder*, Civil No. 04-1847, M. D. Pa.).

conviction or on his 2006 contempt conviction. Petitioner readily admits that his maximum sentence on his 1997 conviction expired. As stated above, we find that, to the extent Petitioner is seeking to attack his 1997 DUI sentence with respect to the fines and costs imposed and the detainer lodged against him for his failure to pay the money which he owes, his Habeas Petition should be dismissed since he is no longer in custody on this conviction. Further, we do not find that Petitioner states sufficient severe collateral consequences as a result of the Lackawanna County detainer which has been lodged against him since February 2000.

Because Petitioner is no longer serving his 1997 sentence, he cannot be considered "in custody" on his DUI conviction for purpose of his instant § 2254 Habeas Petition. Hence, Petitioner can no longer maintain a direct attack against his 1997 conviction and sentence. Thus, to the extent that the present Habeas Petition challenges Petitioner's 1997 conviction and the fines and costs imposed on him, we shall recommend that it be dismissed for lack of jurisdiction.

The issue now arises as to whether Petitioner can still attack his 1997 conviction insofar as he claims that his failure to pay the fines and costs imposed as part of his sentence for this conviction led to the 2000 detainer placed on him "due to this money owed." (Doc. 1, p. 10). We find that Petitioner's current incarceration at SCI-Coal Twp. is due to a Pike County commitment and that the detainer Lackawanna County lodged against him, which he claims "obstructs my pre-release programming for the state DOC," does not establish standing for him to challenge his 1997 LCCCP DUI conviction and sentence in his instant Habeas Petition. As the *Morgan* Court indicated, "[t]he United States Supreme Court has clearly stated 'that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not

10

themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.'" *Id.*, at * 3(citing *Maleng*, 490 U.S. at 492). *See also Rodland v. Shannon*, 2007 WL 1217852, *1 (M.D. Pa.)(this Court found that it did not have jurisdiction under §2254(a) to consider a habeas petition in which Petitioner was seeking to challenge an expired sentence for which he was no longer in custody, and which expired prior to his filing of his habeas petition, based on his claim that his illegal 1996 conviction was used to enhance his sentence he was serving when he filed his habeas petition).[5]

Based on *Ascenzi* and *Rodland*, we will recommend that Petitioner Dougherty's present § 2254 Habeas Petition be summarily dismissed for lack of jurisdiction since he is no longer in custody on his 1997 DUI conviction which was the basis for the challenged detainer lodged against him for the fines and costs imposed as part of his sentence. *See Ascenzi, supra; see also Rodland, supra*.

**IV. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner Dougherty's Habeas Corpus Petition (Doc. 1) be summarily dismissed for lack of jurisdiction. We also recommend that

---

[5]In *Rodland*, Petitioner claimed that his arson sentence, which he was serving when he filed his habeas petition, was enhanced by an alleged illegal 1996 conviction which had expired.

Petitioner's Motion to Proceed *in forma pauperis* (Doc. 2) be granted solely for the purpose of filing this action.  Further, we recommend that Petitioner's Motion for Appointment of Counsel (Doc. 3) be denied as moot.

                    **s/ Thomas M. Blewitt**
                    **THOMAS M. BLEWITT**
                    **United States Magistrate Judge**

**Dated: June 17, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN W. DOUGHERTY, | : | CIVIL ACTION NO. **1:CV-08-1100** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JOSEPH J. PIAZZA, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 17, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                            s/ Thomas M. Blewitt
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**


**Dated: June 17, 2008**